**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21093
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RALPH OSAYANDE EDO-OKUONGHAE,
also known as Feddral Ralph Okuonghae,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-57-ALL
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ralph Osayande Edo-Okuonghae appeals his conviction and

sentence for bank fraud and illegal reentry. He argues that his

guilty plea was rendered involuntary by an erroneous 16-level,

U.S.S.G. § 2B1.1 enhancement, which he alleges was unforeseeable

at the time he entered the plea agreement. As part of his plea

agreement, however, Okuonghae waived the right to appeal his

sentence or the manner in which it was determined, except on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grounds of an upward departure from the Sentencing Guidelines not requested by the United States. A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

Okuonghae was informed that he could be sentenced to a maximum term of 30 years on the bank fraud charge, and his 87-month sentence did not exceed the stated maximum. His plea was therefore informed and voluntary, and the appeal waiver is enforceable; therefore, the issue whether he erroneously received a 16-level enhancement is unreviewable. See United States v. Dees, 125 F.3d 261, 269 (5th Cir. 1997). Similarly, his contention that the district court plainly erred when it did not state in open court its reasons for imposition of his sentence is barred from review by the valid appeal waiver.

APPEAL DISMISSED.